UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLYDE L.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:23-cv-01147-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 12, 16, 17.

After considering and reviewing the record, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred when he failed to properly consider the opinion of Abebe Belete, PMHNP ("NP"); and (2) a remand for further proceedings is appropriate. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

//

## I.  PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. Administrative Record ("AR") 160, 170. Plaintiff's hearing was held before the ALJ on July 19, 2022. AR 111–29.

On July 28, 2022, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 15–32. On June 12, 2023, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1–6. On August 2, 2023, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 1. Defendant filed the sealed AR on September 29, 2023. Dkt. 7.

## II.  BACKGROUND

Plaintiff was born in 1961 and was 54 years old on the alleged onset date of September 30, 2015. AR 161. Plaintiff has less than a high school education (AR 576) and has light, semi-skilled and light, unskilled past relevant work (AR 31). According to the ALJ, Plaintiff suffers from the following severe impairments: agoraphobia, bereavement, major depressive disorder, generalized anxiety disorder, cannabis use disorder, chondromalacia of the left knee, neurogenic claudication, cervical spondylosis, calcaneal spur of the left foot, and obesity. AR 18. However, the ALJ found Plaintiff was not disabled because he has the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) with the following limitations: This individual would never perform overhead reaching with the left upper extremity but may occasionally push and pull with the bilateral upper extremities. The individual could occasionally climb ramps and stairs; balance; stoop; kneel; crouch, and crawl but may never climb ladders, ropes, or scaffolds. Further, the individual could frequently be exposed to unprotected heights; moving

mechanical parts; extreme cold and heat, and vibration. Moreover, the individual is limited to work that is not performed at a production rate pace.

AR 22.

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issue: whether the ALJ adequately evaluated NP Belete's opinion in accordance with 20 C.F.R. § 416.920c(b)(2). Dkt. 12 at 1.[1]

**A.   Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of the medical opinion of NP Abebe Belete, who saw Plaintiff for a consultative psychological examination in November 2021. *See* Dkt. 12 at 2–10.

Under the 2017 regulations applicable to this case, an ALJ "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a),

---

[1] Plaintiff identifies one issue in the statement of issues. Dkt. 12 at 1. However, in the body of the brief, Plaintiff also makes arguments concerning the opinion of Jasmyne Lyons, PMHNP, claiming the ALJ's interpretation of that opinion also establishes harmful error. *See id*. at 7–9. Because the Court's Scheduling Order clearly states that it will not consider or rule on assignments of error that are not listed in the statement of issues section of the Opening Brief, *see* Dkt. 8 at 2, the Court will not consider herein Plaintiff's additional arguments with respect to the ALJ's interpretation of NP Lyons' opinion.

ORDER ON PLAINTIFF'S COMPLAINT - 3

416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* An ALJ must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

Pursuant to the relevant federal regulations, nurse practitioners are considered other medical sources. *See* 20 C.F.R. § 404.1513(d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223–24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by these sources characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner,* 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

NP Belete submitted an opinion in November 2021 based on her examination of Plaintiff. *See* AR 573–80. Plaintiff presented with allegations of anxiety, depression, pinched nerve, degenerative disc disease, and a knee condition. AR 573–74. He reported feeling down, depressed or hopeless on most days, as well as fatigue, loss of energy, insomnia, and inappropriate guilt. AR 574. He also admitted to anhedonia, irritability, and impaired

1  concentration, as well as to concealing his manic episodes and agoraphobic symptoms in the

2  past. AR 574. He reported that he sometimes has panic symptoms, but that the panic is

3  manageable. AR 574.

4      On the mental status examination report, NP Belete noted Plaintiff was alert and oriented,

5  and appropriately well groomed. AR 577. She observed he was agitated with fair eye contact and

6  his speech was normal. AR 577. Plaintiff presented with a euthymic mood and labile emotional

7  range. AR 577. His thought process and thought content were logical, linear, and goal-oriented,

8  and he had no difficulty with attention or concentration. AR 577. On the intellectual functioning

9  exam, NP Belete noted Plaintiff was unable to complete serial threes or sevens, erred in

10 subtracting $6.50 from $10, and erred in repeating a 5-digit span forward, but correctly

11 performed 3- and 4-digit spans forward. AR 578.

12     In her discussion/prognosis, NP Belete noted Plaintiff's "prognosis is poor and

13 experiences functional impairments due to his depression, anxiety, cannabis use, alcohol use

14 problem and chronic pain. These impairments and symptoms are substantial barriers for his

15 looking or return to work." AR 579. She added,

16 > The client was emotional and tearful at the start of the interview, but he gradually became more relaxed as the talk progressed. According to the client reports, he has
17 > an anger management problem and has limited tolerance for other people. Since then, he hasn't had a job for 15 years. He stated that he is unable to maintain
18 > concentration and persevere in work-related duties at this time. He stated that he is homeless and has been unable to maintain steady relationships. He indicated that
19 > he had been staying at his mother's house, but that she had occasionally booted him out and declared himself to be homeless.

20 AR 579.

21     Based on Plaintiff's history and interview, the mental status examination, and

22 performance on the intellectual functioning portion of the exam, NP Belete opined that Plaintiff

23 (1) is able to manage funds, (2) is not able to understand, remember, and carry out simple

24

ORDER ON PLAINTIFF'S COMPLAINT - 5

instructions, (3) is not able to understand, remember, and carry out complex instructions, (4) is not able to sustain concentration and persist in work-related activity at a reasonable pace, including regular attendance at work and completing work without interruption, and (5) is not able to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace. AR 579. NP Belete concluded by stating,

> Based on my examination, I feel that [Plaintiff]'s existing condition will continue to have him [sic] trouble performing work-related tasks in the foreseeable future. He is quite withdrawn and socially isolated, and he experiences depression and anxiety symptoms. His past records and current exam demonstrate chronic pain, anger and frustration that he has marked difficulties in maintaining social functioning and demonstrated that he is unable to interact appropriately with other individuals.

AR 580.

The ALJ discussed NP Belete's findings and, finding them unpersuasive, stated:

> NP Belete's opinion is not consistent with the longitudinal record or supported by her own examination. Notably, on her mental status examination, the only positive findings were that of agitation and fair eye contact. Further, relevant to his intellectual functioning, NP Belete notes some deficits in recent and immediate memory. Moreover, while NP Belete notes under the mental status examination that the claimant has no difficulty with attention or concentration, under intellectual functioning she contradicts that statement and notes that there are deficits in concentration. That said, none of these findings support that the claimant is unable to understand, remember, or apply information; concentrate, persist or maintain pace; interact with others, or adapt or manage oneself, especially when the longitudinal record reflects no more than mild to moderate findings on mental status examination, with many findings noted consistently as unremarkable. Clearly, NP Belete relies upon the claimant's self-report of difficulty in these areas, not on her testing or review of the longitudinal record. Additionally, while the claimant reports that he self-isolates, there is nothing in the record to suggest that he has difficulty interacting with any of his providers or their staff.

AR 29–30. In addition, in finding Plaintiff had no more than a mild limitation in concentrating, persisting, or maintaining pace, the ALJ noted that, despite NP Belete's opinion that Plaintiff "is unable to sustain concentration and persist in work related activity at a reasonable pace," Plaintiff "is able to care for his personal needs independently; care for his dog; do laundry; use a

ORDER ON PLAINTIFF'S COMPLAINT - 6

1  computer; manage money; play video games; and watch television." AR 21. In dismissing NP

2  Belete's opinion, the Court concludes the ALJ erred.

3      First, the ALJ found NP Belete's opinion was inconsistent with the overall record. AR

4  29. The ALJ does not adequately explain how NP Belete's opinion is inconsistent with the

5  record. An ALJ must do more than offer his conclusions. *Embrey v. Bowen*, 849 F.2d 418, 421

6  (9th Cir. 1988). Rather, "the ALJ [must] provide detailed, reasoned, and legitimate rationales for

7  disregarding the physicians' findings." *Id*. at 422.

8      Here, the ALJ only provided his conclusions that NP Belete's opinion was inconsistent

9  with the overall record. The Court cannot glean from the ALJ's decision which portions of NP

10  Belete's opinion the ALJ found inconsistent with the overall record and why. Moreover, even

11  though the ALJ noted a contradiction in NP Belete's report with respect to attention and

12  concentration in the mental status exam and the intellectual functioning exam, it is the results

13  from the intellectual functioning exam that are more relevant to assessing an RFC. AR 576–77;

14  *see also* 20 C.F.R. § 416.920c(b)(2), (3). Therefore, the ALJ's first reason for filing NP Belete's

15  opinion unpersuasive is not valid. *See Woods*, 32 F.4th at 792 ("Even under the new regulations,

16  an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent

17  without providing an explanation supported by substantial evidence."); *Blakes v. Barnhart*, 331

18  F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from

19  the evidence to her conclusions so that we may afford the claimant meaningful review of the

20  SSA's ultimate findings.").

21      Second, the ALJ found NP Belete's opinion unpersuasive because it was inconsistent

22  with Plaintiff's activities of daily living, which indicate he can perform light work. AR 21. A

23  medical opinion can be undermined by a claimant's reported activities if supported by substantial

24

evidence. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need to "vegetate in a dark room" in order to be deemed eligible for benefits)).

Here, as stated above, the ALJ found Plaintiff's ability to take care of his personal needs, care for his dog, do laundry, use a computer, manage money, play video games, and watch television was inconsistent with NP Belete's opinion regarding Plaintiff's inability to sustain concentration and persist in work related activity at a reasonable pace. AR 21. The ALJ failed to explain how Plaintiff's activities were inconsistent with NP Belete's opinion regarding Plaintiff's inability to handle work related activity.

Further, the record does not support the ALJ's finding. For example, Plaintiff's ability to care for his personal needs or use a computer is not inconsistent with NP Belete's opinion that Plaintiff can manage his own money. *See* AR 579. Moreover, Plaintiff testified that he has problems concentrating and focusing when reading, but can follow along and understand what he is reading, as well as remember what he has read. AR 121. He also stated he can bathe himself, but has problems getting into the tub. AR 122. He does his own laundry, but does not vacuum or dust. AR 122–23. Fundamentally, the ALJ has failed to adequately explain how these activities and NP Belete's opinion are irreconcilable. Therefore, the ALJ's additional reason for finding NP Belete's opinion unpersuasive is not supported by substantial evidence.

For the above stated reasons, the ALJ failed to provide a sufficient reason for finding NP Belete's opinion unpersuasive.

//

**B.     Harmless Error**

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered NP Belete's opinion, he may have included additional limitations in the RFC related to Plaintiff's ability to perform light work. For example, NP Belete found Plaintiff's existing conditions, including his inability to sustain concentration and persist in work-related activity at a reasonable pace, will continue to give Plaintiff trouble in performing work-related tasks. AR 579–80. The ALJ, however, limited Plaintiff to light work with some limitations. AR 22. The ultimate disability determination may change if limitations opined by NP Belete are included in the RFC and considered through the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

//

//

### IV. CONCLUSION

Based on these reasons and the relevant records, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with this Order. The Clerk is directed to enter judgment for Plaintiff and close this case.

Dated this 10th day of May, 2024.

Grady J. Leupold
United States Magistrate Judge